CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 22, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **WINSTON NAJEE REED,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00444 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN ZOOK, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Winston Najee Reed, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated his constitutional rights by failing to provide personal hygiene items.  Upon consideration of Reed's Complaint, I conclude that it must be dismissed for failure to state a claim upon which relief can be granted.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  To state a claim under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments and governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Specifically, "the Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). But "the constitutional prohibition against the infliction of cruel and unusual punishment 'does not mandate comfortable prisons'" and "ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). To state an Eighth Amendment claim, an inmate plaintiff must prove two elements: (1) that the alleged deprivation is objectively "sufficiently serious" and (2) that the prison officials' state of mind was one of "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834.

Reed's claims are insufficient to satisfy the *Farmer* test. He alleges that his rights were violated by the defendants' refusal to provide a hygiene pack, including a toothbrush, deodorant, and cleaning supplies, for eight days upon his arrival at the Wallens Ridge State Prison facility. Federal courts have generally determined that

a temporary deprivation of toiletries does not offend the Eighth Amendment.  *See*, *e.g.*, *Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003) ("[d]eprivation of other toiletries for approximately two weeks—while perhaps uncomfortable—does not pose such an obvious risk to an inmate's health or safety" that the Farmer test is satisfied); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (concluding that denial of soap and toothpaste for ten days did not violate the Eighth Amendment); *Dopp v. W. Dist. of Okla.*, 105 F. App'x. 259, 261 (10th Cir. 2004) (unpublished) ("Being deprived of hygiene products for eight days is not sufficiently serious to implicate the Eighth Amendment.").  I conclude the same given the allegations here.

To the extent that Reed asserts that the prison officials' failure to provide hygiene items was in violation of his First Amendment free exercise rights, such claims likewise fail.  Specifically, Reed states that because of the defendants' failure to provide a hygiene pack from May 20, 2025, to May 28, 2025, he "was forced to worship [his] Lord (Allah) with bad breath and odor under [his] armpits which is forbidden in the Religion of Islam."  Compl. Supp. Facts 4, Dkt. No. 1.

To state a claim that a defendant violated a plaintiff's rights under the Free Exercise Clause of the Constitution's First Amendment, "a plaintiff must allege that '(1) he holds a sincere religious belief and (2) that his religious practice has been substantially burdened by the prison policy or practice.'"  *Hammock v. Watts*, 146

F.4th 349, 365 (4th Cir. 2025) (quoting *Firewalker-Fields v. Lee*, 58 F.4th 104, 114

(4th Cir. 2023)).

> [A] "substantial burden" is one that "put[s] substantial pressure on an
> adherent to modify his behavior and to violate his beliefs," . . . or one
> that forces a person to "choose between following the precepts of her
> religion and forfeiting [governmental] benefits, on the one hand, and
> abandoning the precepts of her religion . . . on the other hand."

*Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (quoting *Thomas v. Rev. Bd. Of*

*Ind. Emp. Sec. Div.*, 450 U.S. 707 (1981); *Sherbert v. Verner*, 374 U.S. 398, 404

(1963).

While Reed may hold a sincere religious belief, I cannot find that failure to

receive hygiene items for eight days rises to the level of a "substantial burden" under

the Free Exercise Clause, particularly where the alleged deprivation was brief. *See*

*Ofori v. Fleming*, No. 7:20-cv-00344, 2022 WL 3584904, at *7 (W.D. Va. Aug. 22,

2022) (citing *Smith v. Allen*, 502 F.3d 1255, 1278 (11th Cir. 2007) for the proposition

that "mere inconveniences" are not a substantial burden under the First

Amendment).

Finally, to the extent that Reed asserts that his constitutional rights were

violated by the defendants' alleged mishandling of his complaints and grievances,

inmates do not have a constitutionally protected right to participate in a prison

grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Consequently,

a jail official's failure to comply with the jail's grievance procedure does not violate

any constitutionally protected right. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To the extent that Reed seeks to hold prison officials liable under § 1983 for not following the prison's grievance procedures, I must dismiss such claims.

Reed's Complaint will be dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief can be granted.

A separate Judgment will be entered.

ENTER:   April 22, 2026

/s/  JAMES P. JONES
Senior United States District Judge